**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN J. RAMIREZ,          :<br>:<br>           Plaintiff,   :<br>:<br>v.                            :<br>:<br>ABC NEWS NETWORK, et al.,     :<br>:<br>           Defendants  :<br>:<br>: | **Civil Action No. 11-6565 (SRC)**<br><br>**OPINION** |

**CHESLER**, District Judge

    This matter comes before the Court on the filing of the Complaint in the above-captioned action without prepayment of fees pursuant to 28 U.S.C. § 1915.  Under the statute, the Court must examine the merits of the claims asserted and dismiss a case if it determines that the action cannot or should not proceed on the merits. The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Moreover, in all federal actions, the Court has an independent obligation to satisfy itself that it has subject matter jurisdiction. Meritcare Inc. v. St. Paul Mercury Ins. Co.,

166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).  If it appears that the Court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3); In re Orthopedic Bone Screw Products Liability Litig., 132 F.3d 152, 155-56 (3d Cir. 1997).

At the outset, the Court notes that it does not have before it one cohesive document that resembles what is in practice referred to as the "Complaint."  Instead, Plaintiff, who is pro se, has submitted for filing a collection of numerous disjointed letters, personal notes and other documents, including pages torn from a book providing commentary on a document promulgated by Vatican II in 1965 and Plaintiff's own written requests to meet with the Pope of the Roman Catholic Church.  These various pages all seem to concern Plaintiff's religious beliefs but fail to set forth a coherent narrative, much less any semblance of a colorable claim for legal relief.

The best indication of the legal claim Plaintiff is trying to assert is a one-page handwritten "statement given by Maureen J. Ramirez on November 9, 2011."  In relevant part, the statement reads as follows:

> I have spent years trying to confirm the abuse of power by Media &
> Society.  On June 17, 2011, Fr. Michael J. Carnevale finally stated that
> cameras and audio are outside [and] inside audio of my home.  He didn't
> put them up and doesn't want to be bothered.  He stated this is a state
> issue, nothing to do with him at all.

(See docket entry 1.)  The Court, of course, is mindful that Plaintiff is proceeding pro se and thus construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Even so, a Complaint must give fair notice of a claim and the grounds upon which it rests.  Id.  Plaintiff at best appears to be complaining of unlawful trespass and surveillance of her home but fails to identify what person

or organization is allegedly violating her rights.  The applicable standard of review for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(ii) is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Under that standard, a court must accept the truth of a plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Plaintiff fails to plead any facts setting forth each Defendant's role in the allegedly unlawful conduct.  The Complaint before the Court, simply put, does not give any Defendant fair notice of the grounds upon which Plaintiff contends that such a Defendant is liable.

 Moreover, based on the submission before the Court, the Court cannot satisfy itself that it has federal subject matter jurisdiction over this action.  Even assuming Plaintiff sets forth a claim for common law trespass, such a claim does not support federal question jurisdiction under 28 U.S.C. § 1331.  No facts pled suggest that she is attempting to assert a claim under 42 U.S.C. § 1983.  Indeed, none of the Defendants named in this action is a state actor.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986) (holding that an essential element of a § 1983 claim is that "the conduct complained of was committed by a person acting under color of state law").  Nor is there any indication that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The Defendants named in the

Complaint are ABC News Network, Franciscan Friars, Fr. Michael J. Carnevale, Bishop Serratelli and Pope Benedict.  The Complaint fails to provide information concerning the citizenship of all the named Defendants.  The little information that is available indicates that complete diversity of citizenship is lacking, as Plaintiff is a citizen of New Jersey and Defendant Bishop Serratelli is identified as based in Paterson, New Jersey.  See 28 U.S.C. § 1332(a)(1) (providing that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants).

     Accordingly, Plaintiff's Complaint must be dismissed both for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted.  An appropriate form of Order will be filed.

       s/Stanley R. Chesler
       STANLEY R. CHESLER
       United States District Judge

Dated: November 29, 2011